IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

NIGEL McCLAIN, #L7483

VS.                                              CIVIL ACTION NO. 2:11cv50-KS-MTP

K. REAGANS

ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION
AND DISMISSING CASE WITH PREJUDICE, ETC.

This cause is before the Court on Petition of Nigel McClain, #L7483, filed pursuant to 28 U.S.C. § 2254 [1], Respondents' Motion to Dismiss pursuant to 2244(d) [15], Report and Recommendation filed by Magistrate Judge Michael T. Parker [23], Objection thereto filed by Petitioner [25] and the Court has considered the above, together with the record and applicable case and statutory law and being fully informed in the premises finds that the Motion to Dismiss is well taken and should be granted.  This cause further is before the Court on Motion to Supplement, Motion to Object to Report and Recommendation [26] and Motion to Reinstate Motion to Reinstate Motion to Compel DNA Results [27].  Based on the Court's ruling in the Report and Recommendation [23], the Motion to Supplement Motion [26] and the Motion to Reinstate Motion to Compel DNA Results [27] are moot.

The Court's ruling is based on the following, to-wit:

**I.  PROCEDURAL HISTORY**

Petitioner Nigel McClain was convicted, following a jury trial, of sexual battery and felonious child abuse on October 7, 2003 in the Circuit Court of Forrest County, Mississippi. [15]-1.  By Order of same date, McClain was sentenced to serve a term of forty (40) years in the

1

custody of the Mississippi Department of Corrections for the sexual battery offense and a term of twenty (20) years for the offense of felony child abuse, the latter sentence to run concurrent to the first. *Id*.

Following his conviction, McClain filed an appeal in which the Mississippi Court of Appeals, on September 6, 2005, affirmed the judgment of conviction and sentence. *See* [15]-2. McClain's motion for rehearing was denied on January 24, 2006, and his petition for writ of certiorari was denied on May 25, 2006. *Id. See also* [20]-9 (mandate summary). There is no evidence that McClain filed a petition for writ of certiorari with the United States Supreme Court.

McClain filed with the Mississippi Supreme Court an Application for Leave to Proceed in the Trial Court, accompanied by a Motion for Post-Conviction Collateral Relief on August 30, 2010. *See* [15]-3 at p. 1. The Mississippi Supreme Court denied the application on February 3, 2011, *see* [15]-4,[1] and denied the motion to reconsider February 22, 2011. *See* [15]-5.

McClain filed his federal Petition for Writ of Habeas Corpus [1] on February 22, 2011.[2] Respondent contends that McClain's Petition was filed too late and that there are no rare and exceptional circumstances to warrant equitable tolling.

---

[1]The court's panel found "that the claims raised by McClain are time barred pursuant to Mississippi Code Ann. Sec. 99-39-5(2). Further the panel finds that McClain has not presented a substantial showing of the denial of a federal or state right pursuant to Mississippi Code Ann. Sec. 99-39-27(5)."

[2]Under the "mailbox rule," McClain's *pro se* federal habeas petition is deemed filed on the date that he delivered the petition to prison officials for mailing to this Court. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). The petition does not indicate the date on which it was placed in prison officials' hands. The cover letter accompanying the habeas petition (which was stamped "filed" March 4, 2011) is dated February 22, 2011; the postmark on the envelope containing the habeas petition is March 2, 2011. The Court will afford McClain the benefit of the doubt and consider that his petition was delivered to prison officials on the date he signed the cover letter.

## II.  STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature.  *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition.  *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

## III.  PETITIONER'S OBJECTIONS AND ANALYSIS

The basis for the Magistrate Judge's recommendation is that the petition is barred by the time limitations set forth in 28 U.S.C. § 2244(d).  In his Objection the Petitioner does not challenge the Magistrate Judge's Report and Recommendation finding that the one year statute of limitations has run.  However, he does object to the recommendation based on the fact that he claims to be entitled to equitable tolling because he was deliberately mislead by his counsel.

In order to warrant equitable tolling, the petitioner must establish the existence of rare and exceptional circumstances.  Equitable tolling "applies principally where the plaintiff is actively mislead by the defendant about the cause of action or is prevented in

3

some extraordinary way from asserting his rights..." 192 F. 3d at 519 (citation omitted). It is permitted only in "rare and exceptional circumstances." *Scott* 227 F. 3d 263. The question this Court must address is:

1. Was the petitioner actively mislead by his counsel; and
2. If, in fact, he was mislead does this establish rare and exceptional circumstances warranting equitable tolling.

The petitioner was not actively mislead by the respondent. This is not even an allegation. He asserts that he was actively mislead by his attorney. However, an attorney error or negligent act is not an extraordinary circumstance which justifies equitable tolling. *Cousin v. Lensing*, 310 F. 3d 843, 849 (5th Cir. 2002). McClain has not shown that he was actively mislead or that he was prevented from asserting his rights. Indeed, the attorney's letter establishes that he was not mislead at all and the petitioner had an opportunity to assert his rights. Similarly, ignorance of the law and being *pro se* do not constitute such rare and exceptional circumstances. See *Velva v. Johnson*, 204 F. 3d. 168, 171 (5th Cir. 2000).

Additionally, the fact that petitioner inexplicably waited until August of 2010 to file his petition when he had been informed by his attorney that he would not file a post conviction petition in December of 2008, indicates that petitioner did not diligently pursue his *habeas* petition.

In the Motion to Compel DNA Test(s) [13] petitioner requests a DNA test. This may mean that he is arguing actual innocence, but there is nothing to support this other than *ipse dixit*. Additionally, the Fifth Circuit has held that a claim of actual innocence "does not constitute a 'rare and exceptional' circumstance given that many prisoners

maintain that they are innocent." *Felder, 204 F. 3d. 171.*   McClain failed to make a showing of actual innocence.

This Court finds that there is no basis to grant equitable tolling in this case and certainly not a rare and exceptional circumstance, given the facts that are before the Court.  Therefore, this Court finds that the petition is barred by the one year statute of limitations under the AEDPA and that said motions [26] and [27] are moot because they have nothing to do with the reason that this petition is being dismissed.

## IV.  CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections. For the reasons set forth above, this Court concludes that McClain's objections lack merit and should be overruled. The Court further concludes that the Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judges's factual findings and legal conclusions contained in the Report and Recommendation. Accordingly, it is ordered that the United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and that Nigel McClain's claim is **dismissed with prejudice**. All other pending motions are denied as moot.

SO ORDERED this, the 23rd  day of September, 2011.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE